## GERALD ROWE *v.* PLASTIC DESIGN, INC., ET AL.
### (12949)

DUPONT, C. J., and O'CONNELL and LAVERY, Js.

Argued December 9, 1994—decision released March 7, 1995

*Loida John-Nicholson,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *William J. McCullough* and *Robin L. Wilson,* assistant attorneys general, for the appellant (defendant second injury fund).

*David R. Bull,* for the appellees (defendant Manchester Molding Company et al.).

O'CONNELL, J. This is an appeal by the defendant second injury fund (fund) from the decision of the work-

ers' compensation review board (board) ordering the fund to accept liability for the plaintiff's injury. The fund claims that the board improperly ordered the liability transfer because it was not supported by a finding of a preexisting permanent physical impairment.[1] We agree and reverse the board's decision.

The facts leading to this appeal began on March 21, 1985, when the plaintiff, Gerald Rowe, suffered the first of three back injuries. At that time, he was employed by the defendant Monsanto Company (Monsanto). The defendant CIGNA provided Monsanto's workers' compensation insurance and made voluntary payments to the plaintiff. John Goetcheus, an orthopedic surgeon, treated the plaintiff and concluded, at the end of the treatment, that the plaintiff had a completely normal neurological examination and that he was asymptomatic. The plaintiff returned to full-time work with no restriction.

On March 17, 1986, while working for the defendant Manchester Molding Company (Manchester Molding) the plaintiff sustained a second compensable back injury. The defendant St. Paul Insurance Company (St. Paul) insured Manchester Molding's workers' compensation liability and paid the plaintiff indemnity benefits, including 10 percent permanent partial disability of the low back.

The plaintiff suffered a third back injury on April 11, 1988, while employed by the defendant Plastic Design,

---

[1] The fund formulated its issues as follows:

"I. Did the compensation review board err in granting the employer Manchester Molding Company's claim ordering a transfer of liability to the Second Injury Fund pursuant to Conn. Gen. Stat. § 31-349 (a) when the commissioner did not make a finding of a pre-existing permanent physical impairment?

"II. Whether this claim qualifies for a § 31-349 (a) transfer when the underlying findings of fact do not support a finding of a pre-existing permanent physical impairment?"

Inc. (Plastic Design), which was insured by the defendant F.B. Hall of Connecticut, Inc. (F.B. Hall). On December 2, 1991, the workers' compensation commissioner for the eighth district found Plastic Design and F.B. Hall were the risk bearers for the April 11, 1988 injury and ordered them to pay total disability benefits plus benefits for 5 percent permanent partial disability of the low back.

The commissioner also ordered Manchester Molding, through St. Paul, to pay the plaintiff benefits for an additional 10 percent permanent partial disability of the low back, making the total permanent partial disability 25 percent. At the same time, the commissioner dismissed all claims against Monsanto and CIGNA for the March 21, 1985 injury.

Prior to the commissioner's December 2, 1991 finding and award, the fund had agreed to accept transfer of liability for the 1988 claim. In his award, the commissioner ordered the fund to accept liability for the 1986 (Manchester Molding) injury as well. The board affirmed the commissioner's decision, and it is from that decision that the fund appeals to this court.

Historically, an employer was liable for workers' compensation benefits for the full extent of an injured employee's disability, even if the disability was due in part to a preexisting condition or disability. *Levanti* v. *Dow Chemical Co.*, 218 Conn. 9, 18, 587 A.2d 1023 (1991). This rule obviously made it difficult for an employee who had been injured on the job to obtain future employment. Employers were understandably reluctant to take on financial responsibility for injuries or disabilities suffered before the employee came to work for them.

To avoid discrimination against employees with disabilities, while providing them with the benefits of workers' compensation, nearly every state has enacted some

form of second injury legislation. *Jacques* v. *H. O. Penn Machinery Co.*, 166 Conn. 352, 355–56, 349 A.2d 847 (1974). Connecticut's solution to the preexisting disability problem was the remedial Second Injury Fund statute. General Statutes (Rev. to 1985) § 31-349.[2] Under this statute, "[i]f an employee *who has . . . [a] permanent physical impairment,* incurs a second disability by accident or disease arising out of and in the course of his employment, resulting in a permanent disability caused by both conditions which is materially and substantially greater than that which would have resulted from the second injury alone," the employer's obligation is limited to the first 104 weeks of the employee's disability. (Emphasis added.) All liability for compensation after the first 104 weeks shifts to the fund.

The statute unambiguously establishes a preexisting permanent physical impairment condition precedent to considering fund liability. In the present case, the commissioner expressly found that "at the time the claim-

---

[2] General Statutes (Rev. to 1985) § 31-349, at the time of the claimed second injury, provided in relevant part: "The fact that an employee has suffered previous disability, or received compensation therefor, shall not preclude him from compensation for a later injury . . . . If an employee who has previously incurred, by accidental injury, disease or congenital causes, total or partial loss of, or loss of use of, one hand, one arm, one foot or one eye, or *who has other permanent physical impairment,* incurs a second disability by accident or disease arising out of and in the course of his employment, resulting in a permanent disability caused by both conditions which is materially and substantially greater than that which would have resulted from the second injury alone, he shall receive compensation for the entire amount of disability, including total disability, less any compensation benefits payable or paid with respect to the previous disability, and necessary medical care, as elsewhere provided in this chapter, notwithstanding the fact that part of such disability was due to prior accidental injury, disease or congenital causes. The employer by whom the employee is employed at the time of the injury, or his insurance carrier, shall in the first instance pay all awards of compensation and all medical expenses provided by this chapter for the first one hundred four weeks of disability. . . ." (Emphasis added.)

ant left the employ of Monsanto he had no permanent partial disability of his back." For purposes of this appeal, we interpret "permanent partial disability" and "permanent physical impairment" as synonymous.

The board does not retry the facts and, with exceptions not relevant here, is bound by the commissioner's findings. *Muldoon* v. *Homestead Insulation Co.*, 231 Conn. 469, 475–76, 650 A.2d 1240 (1994). The commissioner's fact-finding function bears the same relation to the board that a trial court's fact-finding function bears to an appellate tribunal. Id., 477. Accordingly, in the present case, the board was bound by the commissioner's finding that the plaintiff was not suffering from a permanent partial physical impairment when he left Monsanto. Thus, the 1985 injury at Monsanto could not be the basis of the fund's liability. Simply stated, there cannot be a second injury until there is a first injury, and the 1985 Monsanto injury does not meet the statutory requirement of a first injury because it did not result in a permanent physical impairment.

The board recognized that the 1985 Monsanto injury had not caused a permanent partial impairment to the plaintiff. It phrased the issue before it as, *"where the claimant's prior work related injury resulted in no permanent partial disability*, but where the second injury was materially and substantially worse as a result of the earlier injury, [can liability be transferred to the fund]." (Emphasis added.)

The board considered the second part of the statute and reasoned that if the second injury was materially and substantially worse as a result of the first injury then, a fortiori, the first injury must have been a permanent partial impairment. We do not agree.

The fallacy in the board's reasoning is that it renders meaningless the statutory clause referring to an employee "who has  . . .  [a] permanent physical

impairment." It is a canon of statutory construction that "[s]tatutes should be construed so that no part of a legislative enactment is to be treated as insignificant and unnecessary, and there is a presumption of purpose behind every sentence, clause or phrase in a legislative enactment." (Internal quotation marks omitted.) *84 Century Ltd. Partnership* v. *Board of Tax Review*, 207 Conn. 250, 263, 541 A.2d 478 (1988).

The board's reliance on *Hernandez* v. *Gerber Group*, 222 Conn. 78, 86, 608 A.2d 87 (1992), and *Levanti* v. *Dow Chemical Co.*, supra, 218 Conn. 17, is misplaced. Neither case focused on the permanence of preexisting injuries. There was no question that the preexisting physical impairment in *Hernandez* was permanent; the commissioner had approved a 40 percent permanent partial disability of the heart. *Hernandez* v. *Gerber Group,* supra, 80. The issue in that case was the determination of liability for a leg injury sustained while the employee was being treated for his heart impairment.

*Levanti* concerned, inter alia, the effect of two prior noncompensable back injuries on liability for a subsequent compensable back injury. The commissioner determined that each of the three injuries had caused a 5 percent impairment of the employee's back, for an overall 15 percent back impairment. *Levanti* v. *Dow Chemical Co.,* supra, 218 Conn. 16. That finding was uncontested, and the permanence of the preexisting back injuries was never in question.

In the present case, in contrast with *Hernandez* and *Levanti*, the issue is whether liability transfer was supported by the requisite preexisting *permanent* physical impairment. Because the commissioner found that there was no such permanent impairment prior to the 1986 injury, the order transferring liability for that injury cannot stand.

The decision of the compensation review board is reversed and the case is remanded with direction to reverse the commissioner's transfer of liability to the defendant second injury fund for the plaintiff's March 17, 1986 injury.

In this opinion the other judges concurred.